PEDRO JUAN ROSALY, Plaintiff and Appellee, *v.* PEDRO J. RULLÁN, Defendant and Appellant.

No. 12787. Decided December 14, 1962.

*Charles R. Cuprill* for appellant. *Carlos J. Irizarry Yunqué* for appellee.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The Ponce Part of the Superior Court of Puerto Rico rendered judgment in this case ordering Pedro J. Rullán to furnish support to his son Pedro Juan Rosaly, who appeared through his mother Crescencia Rosaly Torres. The evidence established that some time in the month of October or November 1939 Pedro J. Rullán, then a bachelor, indulged in sexual intercourse with Crescencia Rosaly Torres, a widow, as a result of which Pedro Juan Rosaly was born on November 14, 1940. The claim for support was filed on June 21, 1957 and the judgment sustaining the complaint was rendered on December 11, 1957.

In the appeal before this Court defendant-appellant Pedro J. Rullán assigns two errors: (1) in holding that Pedro Juan Rosaly is the son of defendant Pedro J. Rullán, and (2) that the court's conclusions of law are not based on the evidence offered and admitted nor on the law.

1, 2. The discussion of the two errors may be summed up as follows: Since it has not been established, pursuant to § 129 of the Civil Code of Puerto Rico, that a final judgment has been rendered in a criminal or civil action from

which the paternity may be inferred, nor that there exists any indubitable document in which the father expressly acknowledges the filiation, and there not having been established the status of natural child for any of the causes provided by § 125 of the Civil Code of Puerto Rico, the mere declaration of paternity of Pedro J. Rullán regarding his natural child Pedro Juan Rosaly does not entitle the child to receive support; in other words, the child has no right to receive support until his illegitimate or natural filiation is established.

The right of a natural child to claim support from his father as soon as the fact of the paternity is established, without having to establish first his filiation as such natural child, is so clearly elucidated in our case law that it is only necessary to refer to the case of *People* v. *Rodríguez*, 67 P.R.R. 688, 692–93 (Marrero, 1947), to answer appellant's argument in this sense. The trial court did not err in applying § 143 of the Civil Code of Puerto Rico (1930), as amended by Act No. 449 of 1947 (Sess. Laws, p. 948).

The judgment will be affirmed.